Price,-J.
.The plaintiff in error was indicted at the January term 'of the court below of the present year, for false and fraudulent registration, to which charge he plead not guilty, and the case was continued to the March term, when leave "was obtained to withdraw the plea of not guilty, and file a ; demurrer to the indictment. This was done, and the court overruled the demurrer, and the plea of not guilty was renewed, and the case went to trial, and the jury returned a ' verdict of guilty as charged in the indictment. The court ' sustained the verdict, and passed sentence of imprisonment of one year in the penitentiary.
: Error is prosecuted in this court to reverse the judgment ■' and proceedings below, and a great many things are assigned for error, among which are the overruling of the demurrer to the indictment, the unconstitutionality of the registration law of this city (Findlay), errors committed during the trial, and so on.
If the demurrer to the indictment ought to be sustained, we need not consider the other questions presented by the record.
The prosecution is founded' on sub-division 3 of sec. 2926w, which reads:
• “Whoever falsely and fraudulently obtains registration, as an elector, in any precinct in which he is not a resident and qualified elector, shall be imprisoned in the penitentiary not less than one nor more than three years.”
The indictment charges:
“That Joseph E. Ebbenpowell, late of the county of "Hancock aforesaid, on the 25th day of October, in the year of. our Lord, one- thousand eight hundred and ninety-five, *131 at the county of Hancock, aforesaid, said day being one of the days fixed and authorized by the laws of the state of Ohio for the registration of the electors of the city of Findlay, in said county and state, not then and there being a resident and qualified elector of precinct ‘A’, of the Third ward, of the city of Findlay, Ohio, did appear before the duly appointed, qualified and acting registrars of election in said precinct ‘A’ of the Third ward of said-city of Findlay, and did then and there represent that he, the said Joseph E. Ebbenpowell, was then and there a qualified elector of said precinct‘A’of the Third ward in said city of Findlay, Ohio and then and thereby falsely,fraudulently and unlawfully, did obtain registration as an elector in said precinct ‘A’, of the Third ward of the city of Findlay, in which, then and there he was not a resident and qualified elector, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.”
Does this indictment allege facts sufficient to charge a violation of the statute already quoted?
The rule still prevails, that it is necessary to aver in an indictment, each material fact to be established at the trial, —not the evidence to support the facts, but all the material facts necessary to constitute the crime.
Our criminal code has not changed or modified this principle of pleading, so long recognized and enforced. s
In the case of Ellars v. the State, 25 Ohio St. 385, our supreme court has.clearly stated this rule.
On page 388, the court say:
‘‘It is a well settled rule of criminal pleading,that an indictment must aver, with reasonable certainty, all the material facts which are necessary to be proven,, to procure conviction, and this rule has not, in our opinion, been changed by the code of criminal procedure.”
’ The rule is stated in another form when we say, that thi'e purpose of the indictment is to inform the accused of the nature of the offense charged against him, and advise him •of the facts expected to be established a-t> the trial,■ ; • t
*132 ' Hence it is that our courts have repeatedly held, that that part of an indictment,wherein the grand-jury makes its general finding as to the guilt of the accused, is simply a conclusion, and, if it is not preceded by sufficient averment of facts to sustain such conclusion, the indictment is bad.
: Looking again at the statute we find that the crime defined, is the falsely and fraudulently obtaining of registration. Each of these qualifying words has significance in the language of the statute, for it implies that there may be registration by mistake, or without any fraudulent purpose or intent. The charge, and the only charge of false representation to the board is, that, he, Ebbenpowell, apoeared before it and “did then and there represent that he, the said Ebbenpowell, was then and there a qualified elector of said precinct ‘A,’ etc.” This is all the representation charged that he made, and it is not charged that it was “falsely and fraudulently’’ made. For aught that appears in the indictment, the representation that he was a qualified elector, might have been honestly made; or, such a representation might be a matter of opinion, for a mere mistake in which a party is not subjected to punishment, It i^ not charged that he told the registrars that he was a resident of the precinct ‘A’,of the third ward,nor is there any other fact given upon which he obtaiued registration.
Let us see who is a qualified elector. His character is defined in section 1, article 5, of the constitution of the state, which is:
“Every male citizen of the United States of the age of •twenty-one years, who shall have been a resident of the state one year next preceding the election, and of the county, township, or ward in which he resides, such time as may be provided by law, shall have the qualifications of an elector and be entitled to vote at all elections.’’
¡ Here we have-the several conditions upon which suffrage is based and, of course, upon which the right of registration *133 is also based, ■ What one of these conditions was represented to the registrars, according to the indictment? None. What important or essential fact was represented? Nothing but the statement that he was a qualified elector of that precinct. Subdivisions 2 and 3 of section 2926i of Revised Statutes, prescribe the mode of registration— the making up of the record by questions and answers, and how the same shall be signed by the applicant.
By subdivision 2, it is required that the registrars shall,
“In the presence of the applicant, enter in the registers, his answers to their questions pertinent to the heading of each column, in their order . * * * In the column as to ‘residence’ shall be stated the name of the street, avenue, alley or way in which his dwelling is located, * * and the number of the house if it have one. * * * In the column as to term of residence the periods of years and months of his residence in the precinct and the state must be stated.”
It must appear, also whether the applicant is a native or naturalized citizen. When .all this.information shall have been entered, it must be signed by the applicant.
Now, what one of the representations so entered do we find in this indictment?
Did he represent even, that he was a resident of precinct ‘A’ ? Did he represent anything as to his nativity — whether a citizen of the United States, — whether foreign born, — if so if he had been naturalized? Did he represent his age, or term of residence in the state, county or precinct? On all these things the indictment is silent, and yet their disclosure to the board, are the legal means whereby registration is obtained.
■ With the careful guards placed upon the right to register and vote, and that too, by a record, there is no reason of either public policy or necessity to excuse compliance with the ordinary rules of criminal pleading.
John Poe, E. T. Dunn, W. M. Betts, Attorneys] for Plaintiff in Error.
Theodore Totten, W. BE. Kinder, Attorneys for the State.
On the representation of the accused alone, that he was an elector, he could not have obtained registration, because that would be the expression of a conclusion, or opinion merely. There might well be circumstances where an applicant could, in good faith, make that statement, and yet be mistaken in his judgment, and not liable to a criminal prosecution. This plaintiff in error may have made the false statements which would render him amenable to law, and for which he should answer, but they are not embraced in this indictment. For want of a sufficient indictment, the judgment of the lower court is reversed, and the verdict set aside.
The demurrer to the indictment is sustained, and the prisoner discharged, We have not found it necessary to consider or decide the other questions raised and argued.